UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

----------------------------------------------------------------- X
HOUSTON CASUALTY COMPANY,                   :
                                            :  Civil Action No.: _____
                Plaintiff,   :
                                            :
    - against -                            :  **COMPLAINT FOR**
                                            :  **DECLARATORY RELIEF**
                                            :  **WITH JURY DEMAND**
                                            :
KINSALE INSURANCE COMPANY,                  :
                                            :
                Defendant.   :
                                            :
----------------------------------------------------------------- X

Plaintiff Houston Casualty Company ("HCC"), by its attorneys, London Fischer LLP, alleges the following as its Complaint for Declaratory Judgment against defendant Kinsale Insurance Company ("Kinsale"):

## THE NATURE OF THE ACTION

1. This is an action for declaratory relief and contribution based on the defendant's breach of its obligations to defend and indemnify the owners, General Contractor and a subcontractor as additional insureds in an underlying personal injury action arising from a construction site accident in Englewood, New Jersey.

## THE PARTIES

2. Plaintiff HCC is an insurance company incorporated under the laws of Texas and has its principal place of business in Texas. HCC is authorized to sell or write insurance in New Jersey.

3. Defendant Kinsale is an insurance company incorporated under the laws of Arkansas and has its principal place of business in Virginia. Kinsale is authorized to sell or write insurance in New Jersey and, at all material times, has conducted and continues to conduct substantial business in New Jersey.

## JURISDICTION AND VENUE

4. Subject matter jurisdiction is based upon 28 U.S.C. § 1332 and 28 U.S.C. § 2201 because the action involves citizens of different states and the amount in controversy exceeds the sum of $75,000. An actual controversy exists between the parties regarding their respective rights and obligations under the relevant policies of insurance.

5. Personal jurisdiction over the defendant is proper as it conducts business in the State of New Jersey.

6. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in this district.

## THE PROJECT

7. BCC Englewood LLC is the owner of a new four-story residential building, consisting of 220 units and a parking garage, known as Englewood Circle at 40 Bennett Road, Englewood, New Jersey (the "Project").

8. BCC Englewood Circle LLC and CP CEI of Englewood MM LLC are members of BCC Englewood LLC. (BCC Englewood LLC, BCC Englewood Circle LLC, and CP CEI of Englewood MM LLC are collectively referred to herein as the "BCC Englewood Entities.")

9. BCC Englewood LLC retained ARC New Jersey LLC ("ARC") to construct the Project.

10. ARC retained FM Construction Group LLC ("FM") to do certain work at the Project, including exterior brackets, weather barriers, roofing, roof specialties, siding, exterior sealants, exterior expansion joints, and canopies.

11. FM retained Don Carlos Construction LLC ("Don Carlos") to do roofing and siding work at the Project.

## THE UNDERLYING ACTION

12. This suit arises out of an underlying action captioned *Jose Luis Melgar Castillo v. CP CEI of Englewood MM LLC, et al.*, pending in the Superior Court of New Jersey, Essex County, Docket No. ESX-L-345-22 (the "Underlying Action"). (A copy of the Second Amended Complaint in the Underlying Action is attached as Exhibit 1.)

13. The plaintiff in the Underlying Action, Jose Luis Melgar Castillo ("Castillo"), alleges that he was injured on August 24, 2021 while installing gutters at the Project. (Exh. 1, ¶ 15)

14. In the Underlying Action, Castillo alleges negligence against the BCC Englewood Entities, ARC, and FM.

15. Castillo was employed by Don Carlos on the date of the accident.

16. In the Underlying Action, the BCC Englewood Entities and ARC have brought a third-party action against Don Carlos for contribution and indemnification. (A copy of the Third-Party Complaint against Don Carlos is attached as Exhibit 2.)

## THE CONTRACTS

**The BCC Englewood/ARC Contract**

17. BCC Englewood and ARC entered into a contract dated June 14, 2019 whereby ARC agreed to construct the Project (the "BCC/ARC Contract").

**The ARC/FM Subcontract**

18. ARC and FM entered into a subcontract dated April 17, 2020 whereby FM agreed to perform certain work at the Project, namely exterior brackets, weather barriers, roofing, roof specialties, siding, exterior sealants, exterior expansion joints, and canopies (the "ARC/FM Subcontract," a copy of which is attached as Exhibit 3).

3

19. Under the ARC/FM Subcontract, FM agreed to purchase and maintain Commercial General Liability insurance with limits of $1 million each Occurrence and $2 million aggregate, and excess and/or umbrella insurance with annual limits of not less than $5 million each Occurrence and aggregate. (Exh. 3, Att. F, §§ 1.4, 1.5)

20. The ARC/FM Subcontract further requires that FM's insurance name ARC, BCC Englewood Circle, and all other parties reasonably requested by ARC as additional insureds and that FM's insurance apply on a primary and non-contributory basis for additional insureds. (*Id.*, § 3.1)

**The FM/Don Carlos Subcontract**

21. FM and Don Carlos entered in a subcontract, effective January 6, 2021, whereby Don Carlos agreed to perform roofing and siding work at the Project (the "FM/Don Carlos Subcontract," a copy which is attached as Exhibit 4.)

22. The FM/Don Carlos Subcontract was executed by FM and Don Carlos and dated January 6, 2021.

23. Under the FM/Don Carlos Subcontract, Don Carlos agreed to obtain General Liability insurance coverage with limits of no less than $1 million and to name FM and the Owner (defined as the owner of any job site to which Don Carlos is assigned) as additional insureds. (Exh. 4, § 11.A.)

24. The FM/Don Carlos Subcontract further provides that, to the extent FM is required to have any person or entity added as an additional insured under FM's insurance policies, such person or entity shall also be named as an additional insured on Don Carlos's policies. (*Id.*, § 11.A.iv.)

25. The FM/Don Carlos Subcontract further provides that Don Carlos's insurance shall

apply on a primary and non-contributory basis for additional insureds and the additional insured's own insurance shall be excess coverage. (*Id.*, §§ 11.A.iii, 11.G.)

26. Don Carlos also agreed in the FM/Don Carlos Subcontract, to the fullest extent permitted by law, to defend and indemnify FM and the BCC Englewood Entities from all claims because of injury to any person, including any employee of Don Carlos, arising out of Don Carlos's work. (*Id.*, § 9)

## THE INSURANCE POLICIES

**The Kinsale Primary Policy Issued to Don Carlos**

27. Defendant Kinsale issued Commercial General Liability policy no. 0100097788-1 to Don Carlos for the policy period October 12, 2020 to October 12, 2021 (the "Kinsale Primary Policy"). (A copy of the Kinsale Primary Policy is attached as Exhibit 5.)

28. The Kinsale Primary Policy has limits of $1 million each Occurrence and $2 million aggregate.

29. Additional insureds under the Kinsale Primary Policy include "Blanket, as required by written contract, executed prior to the start of work on the project," and "FM Construction Group LLC, as required by written contract, executed prior to the start of work on the project." (Exh. 5, Additional Insured — Owners, Lessees or Contractors — Scheduled Person or Organization endorsement).

30. The FM/Don Carlos Subcontract was executed prior to the start of Don Carlos's work on the project.

31. The FM/Don Carlos Subcontract required that the BCC Englewood Entities, ARC, and FM be named as additional insureds under Don Carlos's CGL policy, so the BCC Englewood Entities, ARC and FM qualify as additional insureds under the Kinsale Primary Policy.

32. Additional insured coverage under the Kinsale Primary Policy applies to bodily

5

injury caused, in whole or in part, by Don Carlos's acts or omissions or the acts or omissions of those acting on Don Carlos's behalf.

33. As alleged in the Underlying Action, Castillo's injuries were caused, in whole or in part, by Don Carlos's acts or omissions or the acts or omissions of those acting on Don Carlos's behalf.

34. The Kinsale Primary Policy contains an Additional Insured – Primary and Non-Contributory Endorsement, pursuant to which the Kinsale Primary Policy applies as primary and non-contributory coverage for additional insureds such as the BCC Englewood Entities, ARC and FM where required by contract, as in this case. (Exh. 5, Additional Insured – Primary and Non-Contributory Endorsement.)

35. The Kinsale Primary Policy also provides contractual liability coverage for Don Carlos's contractual obligation under the FM/Don Carlos Subcontract to indemnify the BCC Englewood Entities and FM in connection with the Underlying Action.

**The Kinsale Excess Policy Issued to Don Carlos**

36. Defendant Kinsale issued Commercial Excess Liability policy no. 0100097935-1 to Don Carlos for the policy period October 12, 2020 to October 12, 2021 (the "Kinsale Excess Policy," a copy of which is attached as Exhibit 6), which applies in excess of the Kinsale Primary Policy. (The Kinsale Primary Policy and Kinsale Excess Policies are referred to collectively as the "Kinsale Policies.")

37. The Kinsale Excess Policy provides additional insured coverage to the BCC Englewood Entities, ARC, and FM.

38. Upon the exhaustion of the applicable limits of liability of the Kinsale Primary Policy, the Kinsale Excess Policy will have a duty to defend and indemnify the BCC Englewood

Entities, ARC, and FM in the Underlying Action on a primary and non-contributory basis.

39. Upon the exhaustion of the applicable limits of liability of the Kinsale Policy, the Kinsale Policy Excess Policy provides contractual liability coverage for Don Carlos's contractual obligation under the FM/Don Carlos Subcontract to indemnify the BCC Englewood Entities and FM in connection with the Underlying Action.

**The HCC Policy Issued to ARC**

40. HCC issued policy no. H19PC1118-00 to ARC for the policy period June 24, 2019 to June 24, 2024 (the "HCC Policy"). (A copy of the HCC Policy is annexed hereto as Exhibit 7.)

41. In addition to ARC, BCC Englewood LLC is a named insured under the HCC Policy. (Exh. 7, Named Insured Endorsement)

42. FM is an "enrolled contractor" under the HCC Policy and is thus a named insured under the HCC Policy.

43. The HCC Policy applies in excess of other primary insurance available to the BCC Englewood Entities, ARC, and FM. (Exh. 7, § IV.4.b.(1)(b))

**TENDERS**

44. Counsel for the BCC Englewood Entities and ARC tendered the defense and indemnification of the BCC Englewood Entities and ARC in the Underlying Action to Kinsale and Don Carlos by letter dated September 25, 2023. (A copy of the letter is attached as Exhibit 8.)

45. Kinsale responded to the September 25, 2023 tender by letter dated January 9, 2024 in which Kinsale rejected the tender, stating "no one has provided any definitive information or evidence indicating how any negligence on the part of DCC [*i.e*, Don Carlos], or anyone acting on DCC's behalf, caused or contributed, in whole or in part, to Castillo's injury." (A copy of Kinsale's January 9, 2024 letter is attached as Exhibit 9.)

46. Defense counsel for the BCC Englewood Entities and ARC responded to Kinsale's January 9, 2024 letter by letter dated January 24, 2024 and reiterated the demand for defense and indemnification under the Kinsale Policies. (A copy of defense counsel's January 24, 2024 letter is attached as Exhibit 10.)

47. Defense counsel for the BCC Englewood Entities, ARC, and FM sent another letter, dated February 27, 2024 to Don Carlos tendering the defense and indemnification of FM (which was added as a defendant in January 2024) in the Underlying Action to Kinsale. (A copy of defense counsel's February 27, 2024 letter is attached as Exhibit 11.)

48. By letter dated June 19, 2024, counsel for HCC re-tendered the defense and indemnification of the BCC Englewood Entities, ARC, and FM in the Underlying Action to Kinsale. (A copy of the June 19, 2024 letter is attached as Exhibit 12.)

49. Kinsale has not agreed to defend and indemnify the BCC Englewood Entities, ARC, and FM in the Underlying Action.

## COUNT ONE
### (Declaratory Judgment – Additional Insured Status)

50. HCC repeats and realleges each and every allegation set forth in paragraphs 1 through 49 as through fully set forth herein.

51. As required by the FM/Don Carlos Subcontract and pursuant to the terms of the Kinsale Policies, the BCC Englewood Entities, ARC, and FM are additional insureds under the Kinsale Policies with respect to the Underlying Action.

52. Kinsale has failed to acknowledge that the BCC Englewood Entities, ARC, and FM are additional insureds under the Kinsale Policies with respect to the Underlying Action.

53. HCC is entitled to a declaration that the BCC Englewood Entities, ARC, and FM are additional insureds under the Kinsale Policies in connection with the Underlying Action.

4890-2059-5405, v. 1

## COUNT TWO
### (Declaratory Judgment – Duty to Defend)

54. HCC repeats and realleges each and every allegation set forth in paragraphs 1 through 53 as through fully set forth herein.

55. Pursuant to the terms of the Kinsale Primary Policy, Kinsale has an obligation to defend the BCC Englewood Entities, ARC, and FM as additional insureds in the Underlying Action on a primary and non-contributory basis.

56. Kinsale has failed to defend the BCC Englewood Entities, ARC, and FM as additional insureds in the Underlying Action.

57. HCC is entitled to a declaration that Kinsale is obligated to defend the BCC Englewood Entities, ARC, and FM in the Underlying Action on a primary and non-contributory basis, and HCC is entitled to withdraw from the defense of the BCC Englewood Entities, ARC, and FM.

## COUNT THREE
### (Declaratory Judgment – Duty to Indemnify)

58. HCC repeats and realleges each and every allegation set forth in paragraphs 1 through 57 as through fully set forth herein.

59. Pursuant to the terms of the Kinsale Policies, Kinsale has an obligation to indemnify the BCC Englewood Entities, ARC, and FM as additional insureds in the Underlying Action on a primary and non-contributory basis.

60. Kinsale has not agreed to indemnify the BCC Englewood Entities, ARC, and FM as additional insureds in the Underlying Action.

61. HCC is entitled to a declaration that Kinsale is obligated to indemnify the BCC Englewood Entities, ARC, and FM in the Underlying Action on a primary and non-contributory

basis.

## COUNT FOUR
### (Declaratory Judgment – Contractual Liability Coverage for Don Carlos)

62. HCC repeats and realleges each and every allegation set forth in paragraphs 1 through 61 as through fully set forth herein.

63. Kinsale's named insured Don Carlos owes contractual indemnification to the BCC Englewood Entities and FM in connection with the Underlying Action.

64. The Kinsale Policies provide contractual liability coverage for Don Carlos's contractual obligation to indemnify the BCC Englewood Entities and FM in connection with the Underlying Action.

65. HCC is entitled to a declaration that the Kinsale Policies provide contractual liability coverage for Don Carlos's contractual obligation to indemnify the BCC Englewood Entities and FM in connection with the Underlying Action.

## COUNT FIVE
### (Contribution)

66. HCC repeats and realleges each and every allegation set forth in paragraphs 1 through 65 as through fully set forth herein.

67. As a result of Kinsale's failure to defend the BCC Englewood Entities, ARC, and FM as additional insureds in the Underlying Action on a primary and non-contributory basis, HCC is currently defending the BCC Englewood Entities, ARC, and FM in the Underlying Action.

68. HCC has incurred, and continues to incur expenses, including attorneys' fees and other costs in connection with the defense of the BCC Englewood Entities, ARC, and FM in the Underlying Action.

69. The expenses, including attorneys' fees and other costs, incurred by HCC in

connection with the defense of the BCC Englewood Entities, ARC, and FM in the Underlying Action should have been paid exclusively by Kinsale.

70. HCC is entitled to damages and an Order from this Court directing Kinsale to reimburse HCC for all amounts paid by HCC in connection with the defense of the BCC Englewood Entities, ARC, and FM in the Underlying Action, together with interest at the statutory rate.

**WHEREFORE,** Plaintiff HCC demands judgment against the defendant as follows:

a. On Count One, declaring that the BCC Englewood Entities, ARC and FM are additional insureds under the Kinsale Policies with respect to the Underlying Action;

b. On Count Two, declaring that Kinsale is obligated to defend the BCC Englewood Entities, ARC, and FM in the Underlying Action on a primary and non-contributory basis, and HCC is entitled to withdraw from the defense of the BCC Englewood Entities, ARC, and FM;

c. On Count Three, declaring that Kinsale is obligated to indemnify the BCC Englewood Entities, ARC, and FM in the Underlying Action on a primary and non-contributory basis;

d. On Count Four, declaring that the Kinsale Policies provide contractual liability coverage for Don Carlos's contractual obligation to indemnify the BCC Englewood Entities and FM in connection with the Underlying Action;

e. On Court Five, awarding damages against Kinsale for costs incurred by HCC in the defense of the BCC Englewood Entities, ARC, and FM in the Underlying Action, together with interest at the statutory rate;

    f.      Awarding HCC the costs and disbursements of this action; and

    g.      Awarding HCC such other and further relief as this Court may deem just and proper.

## **DEMAND FOR JURY AND TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, HCC demands a trial by jury in this action of all issues triable by jury.

Dated:    July 18, 2024

                                                        LONDON FISCHER LLP

By:      */s/ Jan H. Duffalo*

                                                        Jan H. Duffalo
                                                        jduffalo@londonfischer.com
                                                        59 Maiden Lane, 39th Floor
                                                        New York, New York 10038
                                                        (212) 972-1000
                                                        LF File No.:  127.0567178

                                                        *Attorneys for Plaintiff*
                                                        *Houston Casualty Company*